UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HUNTER,<br>        Plaintiff,<br>v.<br>R. L. BRIGGS, et al.,<br>        Defendants. | Case No. 16-cv-04761-JST<br><br>**ORDER OF PARTIAL SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 7) is now before the Court for review under 28 U.S.C. § 1915A.

## ANALYSIS

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b) (1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Complaint**

According to the amended complaint, prior to September 2014, per SQSP policy, indigent inmates could obtain paper for free by requesting it at the law library. Dkt. No. 7 at 6. Starting in September 2014, SQSP inmates were informed that paper could no longer be obtained from the law library, and instead paper would be distributed within the housing units and at 13 Wall Gate. Id. In practice, this new policy deprived Plaintiff and other indigent inmates of paper because the housing units and 13 Wall Gate did not distribute paper, sometimes claiming ignorance of the new policy and at other times stating that they did not have any paper. Id. at 8, 10, 16. Plaintiff alleges that the deprivation of paper has interfered with his access to the courts because it has hindered his ability to conduct legal research and to file timely motions. Id. In addition, because Plaintiff was unable to obtain paper, he was unable to file a court-ordered amended complaint in Hunter v. Baca, C No. BC533514, resulting in the dismissal of that case on March 12, 2015. Dkt. No. 7 at 16 and No. 7-1 at 11. Plaintiff also alleges that CDCR has failed to provide an adequate law library because the SQSP law library fails to provide pens and envelopes to indigent inmates. Dkt. No. 7 at 12–14.

Plaintiff names the following prison officials as defendants: SQSP Deputy Warden Kelly Mitchell, SQSP Principal of Education Anthony Beebe, SQSP Sergeants Tienne and Polano, and SQSP Correctional Officers Cain and Irello. Plaintiff alleges that during the relevant time period

2

he informed all named defendants that he needed, and was unable to obtain, paper and that all defendants denied his request for paper. Dkt. No. 7 at 9. Plaintiff further alleges that Deputy Warden Mitchell, Principal Beebe, and Sgt. Tienne failed to train and supervise their employees to properly implement the new paper distribution policy. Id. at 8–9.

**C. Claims**

Plaintiff alleges that SQSP's failure to distribute paper to indigent inmates has denied him access to the courts; violates the Equal Protection Clause; and violates his Sixth Amendment right to self-representation. Plaintiff also alleges that CDCR has failed to provide the constitutionally required adequate law library because the SQSP law library does not provide pen and envelopes to indigent inmates.

**1. Right to Access to Courts**

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). Although prison officials must ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement," officials are free to devise their own methods to reach that result. See Lewis, 518 U.S. at 356. Bounds "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. Thus, although prison law libraries or legal assistants are the typical programs, local experimentation in various methods of assuring access to the courts is encouraged. See id. at 352. To provide meaningful access to the courts, "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents . . . and with stamps to mail them." Bounds, 430 U.S. at 824–25; see also Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991) ("While the Constitution does not require any particular number of pens or sheets of paper, it does require *some*.") (emphasis in original). There must be a showing that the denial of the materials denied the prisoner the ability to perfect and pursue legal action, i.e. actual injury to court access. See Gluth, 951 F.2d at 1509 n.2.

Accordingly, Plaintiff's claim that SQSP has failed to provide him with paper, resulting in

the dismissal of Hunter v. Baca, C No. BC533514, states a cognizable claim of denial of access to the courts. However, Plaintiff's claim that the SQSP law library is constitutionally inadequate because it fails to provide him with pens and envelopes fails to state a cognizable claim for denial of access to the courts. As explained in the Court's December 16, 2016 Order of Dismissal with Leave to Amend, the constitutional right of access to the courts does not require prisons to provide inmates pens and envelopes through their law libraries. See Lewis, 518 U.S. at 356 (constitutional right of access to the courts "guarantees no particular methodology"); see, e.g., Meyer-Clemmons v. Karr, No. C11-5603-RBL-JRC, 2012 WL 709596, at *4 (W.D. Wash. Feb. 3, 2012), report and recommendation adopted, No. C11-5603 RBL, 2012 WL 709429 (W.D. Wash. Mar. 5, 2012) ("The right of access to courts does not create a free standing right to any specific item such as a library, paper or copies."). If Plaintiff is alleging that SQSP refuses to provide him with pens and envelopes altogether, including from the law library, and that this refusal denied him the ability to pursue legal action, that may state a cognizable claim of denial of access to the courts. Although Plaintiff need not provide detailed allegations, he must provide factual allegations regarding the complete denial of pens and envelopes that are sufficient to raise a right to relief above the speculative level. Bell Atlantic Corp., 550 U.S. at 555. Plaintiff's claim that the SQSP law library fails to provide him with pens and envelopes is therefore DISMISSED with leave to amend to correct the identified deficiencies if Plaintiff can truthfully do so. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996) ("A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief.")

**2. Equal Protection Claim**

"[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (internal quotation marks omitted). Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920). When challenging his treatment with regard to other

4

prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271–72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). Accordingly, Plaintiff's allegation that SQSP has a de facto policy of refusing to provide paper free of charge to indigent inmates, while allowing non-indigent inmates to purchase paper, states a cognizable equal protection claim.

### 3. Sixth Amendment Claim

Plaintiff has failed to state a cognizable Sixth Amendment claim. The Sixth Amendment guarantees an accused the right to represent himself in defending against criminal charges. Faretta v. California, 422 U.S. 806, 819 (1975). Here, Plaintiff is seeking to bring civil rights suits and his Sixth Amendment rights are not implicated. Plaintiff's Sixth Amendment claim is therefore DISMISSED with prejudice. Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's allegation that SQSP does not provide indigent inmates with paper states cognizable claims for denial of access to the courts and violation of the Equal Protection Clause. Plaintiff's Sixth Amendment claim is DISMISSED with prejudice. Plaintiff's claim that the SQSP law library does not provide pens and envelopes to indigent inmates is DISMISSED with leave to amend to correct the identified deficiencies if Plaintiff can truthfully do so.

2. If Plaintiff wishes to amend his claim regarding the failure of the SQSP law library to provide indigent inmates with pens and envelopes, he shall file a second amended complaint within **twenty-eight (28) days** of the date of this order. The second amended complaint must include the caption and civil case number used in this order, Case No. C 16-04761 JST (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present, including the claims

5

which the Court has found cognizable above, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. If Plaintiff fails to file a second amended complaint within the time provided, the amended complaint (Dkt. No. 7) shall remain the operative complaint.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (Dkt. No. 7) with all attachments thereto, and a copy of this order upon defendants **Deputy Warden Kelly Mitchell, Principal of Education Anthony Beebe, Sergeants Tienne and Polano, and Correctional Officers Cain and Irello** at **San Quentin State Prison**.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-

6

exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

  (The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

  6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard

any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: April 24, 2017

_____
JON S. TIGAR
United States District Judge